

Ismail Ramsey, *Partner*
Phone: (510) 548-3600
Fax: (510) 291-3060
izzy@ramsey-ehrlich.com

July 19, 2017

**VIA ECF**

Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

    Re: *Waymo LLC v. Uber Technologies, Inc.,* **Nos. 17-2235, 17-2253**

Dear Mr. Marksteiner:

Pursuant to Federal Rule of Appellate Procedure 28(j), Intervenor-Appellant Levandowski submits District Judge Alsup's July 18 order (ECF 949, N.D. Cal. No. 3:17-cv-939), which was issued after Levandowski filed his Reply brief.

In the order, Judge Alsup denied Appellee Waymo's objections to the magistrate judge's June 26 order (ECF 637), which held that the joint defense parties shared a common legal interest as of April 11, 2016, when they signed the "put call" agreement that formalized Defendant Uber's indemnification obligations. Addendum at 1, 3-5; *see also* Opening Br. 27 n. 9.

As Levandowski has explained (Opening Br. 28-31, 34; Reply Br. 8-10), the magistrate judge's holding—now affirmed by the district court—is flatly inconsistent with the orders at issue in these appeals. Numerous cases have held that parties may share a common legal interest while negotiating a deal they have yet to consummate; so the fact that Uber and Ottomotto had not yet finalized an agreement is not determinative of the common interest question. *See* Reply Br. 5 n. 1. Well before April 11, the joint defense parties communicated with the expectation that they would enter into an indemnification agreement, and that Waymo would sue. Moreover, the nature of Stroz's ongoing work was the same



before and after the indemnification agreement was formalized. *See* Opening Br. 39; Reply Br. 9-10.[1]

Effectively, the district court has now held that an April 10th conversation between Levandowski and Stroz for the purpose of defending against Waymo's anticipated suit would not be covered by a common interest privilege *as a matter of law*, while the same conversation occurring on April 12th would be privileged. That result is not supported by the case law. If the formal indemnification agreement is sufficient to give rise to a common legal interest, the anticipated indemnification agreement also suffices.

Respectfully submitted,

/s/ Ismail J. Ramsey

Ismail J. Ramsey
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
Phone: (510) 548-3600

Enclosure

CC: All counsel of record

---

[1] The Stroz report was not even completed until August 2016—after April 11—but the district court has nonetheless ordered its production. *See* Opening Br. 39. And the district court's orders seem to require blanket production of the Stroz report and documents, regardless of the date created or disclosed.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYMO LLC,

    Plaintiff,

  v.

UBER TECHNOLOGIES, INC.; OTTOMOTTO LLC; and OTTO TRUCKING LLC,

    Defendants.

No. C 17-00939 WHA

**ORDER DENYING MOTION FOR RELIEF FROM JUDGE CORLEY'S NONDISPOSITIVE PRETRIAL ORDER RE UBER'S PRIVILEGE LOG**

## INTRODUCTION

The magistrate judge overseeing discovery in this action declined to order production of certain documents identified on defendants' privilege log. Plaintiff moves for relief from that order pursuant to Civil Local Rule 72. The motion is **DENIED**.

## STATEMENT

In two related orders regarding defendants' assertions of privilege and per the discovery referral in this action, Magistrate Judge Jacqueline Corley granted plaintiff Waymo LLC's motion to compel production of third-party Stroz Friedberg's due diligence report (Dkt. No. 566) and further granted Waymo's motion to compel compliance with its subpoena to Stroz Friedberg (Dkt. No. 670). In doing so, Judge Corley made extensive factual findings regarding the relationship between defendants Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC, and non-parties Anthony Levandowski and Lior Ron. Significantly, she found

1  that Uber had waived any work-product privilege over documents shared with Ottomotto, Otto
2  Trucking (collectively, "Otto"), Levandowski, or Ron prior to the execution of the Put Call
3  Agreement on April 11, 2016, but specifically noted that "[t]he outcome might be different after
4  the signing of the Put Call Agreement" (Dkt. No. 566 at 17 & n.2, 21). The undersigned judge
5  overruled objections to the aforementioned orders (Dkt. Nos. 685, 745). Levandowski's further
6  appeal remains pending before the Federal Circuit.

   On June 26, Judge Corley rejected Waymo's further argument that Uber had also waived
   its privileges over documents shared with Otto, Levandowski, or Ron *after* April 11, 2016 (*see*
   Dkt. No. 637), finding that the execution of the Put Call Agreement gave rise to a "common
   legal interest in defending claims brought by Waymo for misappropriation of trade secrets,
   among other things," such that Uber did not waive privileges over documents shared within the
   common-interest group after that date (*see* Dkt. No. 731 at 4). Also in her June 26 order, Judge
   Corley noted multiple deficiencies in Uber's privilege log but concluded that said deficiencies
   were not "so egregious that Uber should have to produce otherwise protected material,
   especially given the volume of log entries and the brief period Uber had to reevaluate the
   privilege log in light of the MTC Order" (*id.* at 4–6).

   Waymo now moves for relief from Judge Corley's June 26 order pursuant to Civil Local
   Rule 72, challenging the foregoing findings (Dkt. No. 779). This order follows full briefing.

## ANALYSIS

### 1. STANDARD OF REVIEW.

Under FRCP 72, a district judge considering timely objections to a magistrate judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ibid.* (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### 2. DEFICIENCIES IN UBER'S PRIVILEGE LOG.

Waymo's motion catalogues in detail various deficiencies in Uber's privilege log and argues that Judge Corley "clearly erred" in refusing to find a "waiver of all logged documents"

2

1  as a result of said deficiencies (Dkt. Nos. 779 at 1–3, 816 at 1–4). In support of its waiver
2  argument, Waymo cites the undersigned judge's standing order and prior instructions generally
3  discussing privilege log requirements (*see* Dkt. No. 816 at 1). But there is no dispute here that
4  Uber must do more to comply with said requirements. Judge Corley found as much and
5  accordingly ordered Uber to make further amendments to its privilege log (*see* Dkt. No. 731 at
6  3, 5). Waymo's objection essentially amounts to disagreement with Judge Corley's judgment,
7  given Uber's deficient privilege log, about the best way to manage further discovery going
8  forward. Waymo's arguments on this point are unpersuasive. Judge Corley has capably and
9  diligently managed the bone-crushing flow of discovery in this case thus far, and remains in the
10 best position to determine how to handle discovery issues like deficient privilege log entries.
11 Under these circumstances, her decision to strike a balance by requiring further information
12 from Uber, while declining to impose Waymo's drastic suggested remedy of a blanket waiver
13 over "otherwise protected material," was not clearly erroneous.

**3.    DOCUMENTS SHARED WITH LEVANDOWSKI AFTER APRIL 11, 2016.**

15 Waymo also objects to Judge Corley's finding that Uber did not waive its privilege over
16 documents shared with Levandowski after April 11, 2016, arguing without authority that Uber
17 "cannot have it both ways" by asserting a common legal interest with Levandowski post-April
18 11, 2016, while representing that it now lacks authority to force Levandowski to return stolen
19 files (Dkt. No. 779 at 3–4). Waymo's motion does not explain how the foregoing positions are
20 inherently incompatible, nor does it show that Judge Corley clearly erred in finding a common
21 legal interest between Uber and Levandowski based on their indemnification agreement post-
22 April 11, 2016, notwithstanding whether or not Uber now has any authority to force
23 Levandowski to return stolen files.

24 In its reply brief, Waymo offers a slightly different variation of this supposed
25 dichotomy, claiming that "Uber must now contend it lacked control over [materials downloaded
26 by Levandowski] in order to avoid the application of the crime-fraud exception," so it "cannot
27 claim a 'shared common interest' on a privilege log created to log such materials" (Dkt. No.
28 816 at 4). Tellingly, Waymo does not cite Judge Corley's order, which actually held —

3

1 contrary to Waymo's insinuation — that the crime-fraud exception did not apply because
2 Waymo had not shown by a preponderance of the evidence that Uber communicated with its
3 counsel "in furtherance of a criminal scheme" (Dkt. No. 731 at 2–3). Whether or not Uber now
4 exercises control over any materials downloaded by Levandowski did not bear on, much less
5 dictate, the outcome of Judge Corley's analysis on the crime-fraud exception.

Despite conceding that a purported common interest must be evaluated at the time of the disclosure in question, Waymo also argues that "proceedings in this case have vividly illustrated" Uber and Levandowski's "vastly diverging interests," which is "compelling evidence that the parties understood [that] they lacked a common legal interest with regards to Levandowski's theft even at the time the Put-Call Agreement was signed" (Dkt. Nos. 779 at 4, 816 at 4–5). But it remains up to Judge Corley, not Waymo, to decide what facts in the record constitute "compelling evidence" on issues of privilege. Waymo's disagreement with Judge Corley's factual findings does not amount to a showing of clear error on this motion.

### 4. OTHER DOCUMENTS SHARED AFTER APRIL 11, 2016.

Finally, Waymo raises multiple objections to Judge Corley's finding that Uber did not waive its privileges over documents shared with the rest of the common-interest group (*i.e.*, besides Levandowski) after April 11, 2016 (Dkt. No. 779 at 4–5). These objections essentially amount to disagreements with Judge Corley's reasonable inferences from the evidentiary record and are thus unavailing.

*First*, Waymo criticizes Judge Corley's reliance on a "Joint Defense, Common Interest and Confidentiality Agreement" executed by members of the common-interest group on April 11, 2016, noting that "the existence of a written agreement is not controlling" (*ibid.*). This point is true, but an agreement does not have to be "controlling" to be found probative of the common-interest issue.

*Second*, Waymo claims Judge Corley found "that Uber and Otto each having 'exclusive options' created a common interest" and asserts without authority that "no common interest could arise" until the acquisition actually closed (*id.* at 5; *see also* Dkt. No. 816 at 5). Waymo again misrepresents Judge Corley's order, which considered not only Uber and Otto's

4

"exclusive options" to close but also the indemnification agreement between them in finding a common legal interest (*see* Dkt. No. 731 at 4). Significantly, and as Judge Corley expressly pointed out, "Uber was required to indemnify Levandowski, Ron and Otto even if neither Uber nor Otto ever exercised its option to buy/sell" (*ibid.*). This alone defeats Waymo's objection.

*Third*, Waymo contends Uber's indemnification obligation could not create a common legal interest because the precise *scope* of that obligation did not finalize until shortly before closing (Dkt. Nos. 779 at 5, 816 at 5). But whatever uncertainties remained as to that scope, the point remains that Judge Corley found the common-interest group *at least* "shared a joint common legal interest in defending claims brought by Waymo for misappropriation of trade secrets, among other things" (Dkt. No. 731 at 4). Waymo has not shown that this finding was clearly erroneous.

Waymo protests in a footnote that, "[e]ven if a common legal interest did arise, Judge Corley's findings were still overbroad because . . . the Court should find waiver with respect to any post-April 11 shared communications that were not shared for the purpose of developing joint legal strategy under the Indemnification Agreement" (Dkt. No. 779 at 5 n.5). Waymo has not actually shown, however, that any communication on Uber's privilege log falls within this hypothetical category. In short, Waymo has not shown that Judge Corley's finding of common legal interest after April 11, 2016, was clearly erroneous.

## CONCLUSION

For the foregoing reasons, Waymo's motion for blanket relief from Judge Corley's order regarding Uber's privilege log is **DENIED**. Its objections to the order are **OVERRULED**. This is, of course, without prejudice to further challenges before Judge Corley regarding individual documents withheld under claims of privilege.

**IT IS SO ORDERED.**

Dated: July 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Federal Rule of Appellate Procedure 28(j) Letter for Intervenor-Appellant Anthony Levandowski with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served a copy on counsel of record, this 19th day of July, 2017, by the CM/ECF system and by electronic mail to the parties on service list below.

| **Recipient** | **Email Address:** |
|---|---|
| Charles K. Verhoeven<br>David A. Perlson<br>Melissa Baily<br>John Neukom<br>Jordan Jaffe<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br><br>*Attorneys for Plaintiff Waymo LLC* | qewaymo@quinnemanuel.com |

| **Recipient** | **Email Address:** |
|---|---|
| Arturo J. Gonzalez<br>Daniel Pierre Muino<br>Eric Akira Tate<br>Esther Kim Chang<br>Matthew Ian Kreeger<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br><br>Michelle Ching Youn Yang<br>MORRISON FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br><br>Rudolph Kim<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br><br>Wendy Joy Ray<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017<br><br>*Attorneys for Defendants Uber Technologies. Inc. and Ottomotto LLC* | UberWaymoMoFoAttorneys@mofo.com |

| **Recipient** | **Email Address:** |
|---|---|
| Michael Darron Jay<br>BOIES SCHILLER FLEXNER LLP<br>401 Wilshire Boulevard,<br>Suite 850<br>Santa Monica, CA 90401<br><br>Meredith Richardson Dearborn<br>BOIES SCHILLER FLEXNER LLP<br>435 Tasso Street<br>Suite 205<br>Palo Alto, CA 94301<br><br>Hamish  Hume<br>Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>Martha Lea Goodman<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Ave., NW<br>Washington, DC 20005<br><br>*Attorneys for Defendant Uber Technologies, Inc.* | BSF_EXTERNAL_UberWaymoLit@bsfllp.com |
| I. Neel Chatterjee<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br><br>*Attorneys for Defendant Otto Trucking LLC* | nchatterjee@goodwinlaw.com |
| Brett M. Schuman<br>Shane Brun<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111<br><br>*Attorneys for Defendant Otto Trucking LLC* | bschuman@goodwinlaw.com<br>sbrun@goodwinlaw.com<br>rwalsh@goodwinlaw.com |

| **Recipient** | **Email Address:** |
|---|---|
| John L. Cooper<br>Matthew Cate<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br><br>*Special Master* | jcooper@fbm.com<br>MCate@fbm.com |
| Robert Burkart Ellis<br>KIRKLAND AND ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br><br>Kevin K Chang<br>KIRKLAND AND ELLIS LLP<br>555 California Street, Suite 2700<br>San Francisco, CA 94104<br><br>*Attorneys for Respondent Stroz Friedberg, LLC* | robert.ellis@kirkland.com<br>kevin.chang@kirkland.com |
| Jonathan Alan Patchen<br>TAYLOR & PATCHEN, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br><br>*Attorneys for Intervenor Lior Ron* | jpatchen@taylorpatchen.com |
| Carolyn Hoecker Luedtke<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br><br>*Attorneys for Lyft, Inc.* | carolyn.luedtke@mto.com |

Dated:  July 19, 2017        */s/ Ismail Ramsey*
                                              ISMAIL RAMSEY
                                              RAMSEY & EHRLICH LLP
                                              *Counsel for Anthony Levandowski*